IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | No.  05-10091-01-WEB |
| ) | |
| NOBLE TYSHAWN BUCHANNON,  ) | |
| ) | |
| Defendant.  ) | |
| _____) | |

### Memorandum and Order

This matter came before the court on the defendant's objections to the Presentence Report. The court ruled orally on the objections at the sentencing hearing of November 28, 2005. This written memorandum will supplement the court's oral ruling.

The defendant filed three objections to the Presentence Report.

1. *Defendant's Objection No. 1* -- Defendant challenges the PSR's inclusion of a total of three criminal history points for the prior convictions listed in paragraphs 53, 60 and 61, each of which is a conviction for "driving without a valid license." The guidelines provide in part that prior convictions for "driving without a license or with a revoked or suspended license," as well as offenses similar to them, by whatever name they are known, are to be counted in criminal history. USSG § 4A1.2(c). On the other hand, "minor traffic infractions (e.g. speeding)," or offenses similar to them, by whatever name they are known, are not to be counted in criminal history. *Id*. Defendant initially argued that in Kansas a conviction for driving without a license is a non-moving violation, such that these convictions were minor traffic

infractions and should not be counted. At sentencing, however, defense counsel conceded that under Kansas law such offenses are in fact misdemeanors.

Under California law, where the defendant was convicted of all three offenses of "driving without a valid license," such an offense can apparently be classified as either a misdemeanor or an infraction. *See People v. Spence*, 125 Cal. App. 4th 710 (Cal. App. 2005). If it is charged or sentenced as an infraction, it carries only a potential fine of up to $250. As a misdemeanor, however, it carries a maximum penalty of up to six months in jail. *See id.* at 718-19.

Because the record shows that the defendant was sentenced to 1 or 3 years probation on each of his "driving without a valid license" offenses, the record shows that his convictions were treated as misdemeanors rather than infractions. *Cf. Spence, supra*. Accordingly, the court finds that the Presentence Report properly included these prior sentences in the defendant's criminal history score under USSG § 4A1.2(c)(1).

2. *Defendant's Objection No. 2* -- Defendant next objects to the finding that he is a "career offender"[1] under the Guidelines. Specifically, he challenges the finding that the convictions in paragraphs 57 and 58 count as two separate offenses. Defendant argues that these were "related cases" under the guidelines, such that they should only count as one prior offense.

Under the Guidelines, prior sentences in unrelated cases are counted separately, but prior sentences imposed in related cases are treated as one sentence for purposes criminal history and for career

---

[1] Under Section 4B1.1, a defendant is a "career offender" if the following apply: (1) the defendant at least 18 years old at the time of the instant offense; (2) the instant offense is a felony controlled substance offense; and (3) the defendant has at least 2 prior felony convictions of a controlled substance offense.

2

offender status. USSG § 4A1.2. Prior sentences are considered related if they resulted from offenses that "were part of a single common scheme or plan," or if they "were consolidated for ... sentencing." Defendant argues the offenses in paragraphs 57 and 58 were related because they were part of a common plan. He says they both occurred in fairly close proximity and related to a common plan to distribute cocaine. He also argues that the offenses were "consolidated for sentencing" because even though there was not a formal order of consolidation, there was a factual nexus in that both offenses were part of a common plan to distribute cocaine. He further points out that he was sentenced in both cases on the same day and the sentences were imposed to run concurrently with each other.

     Under the record before it, the court cannot find that the offenses in paragraphs 57 and 58 were "part of a single common scheme or plan." The defendant committed the first offense in June of 1994, about 13 months before the second offense. There were different individuals involved in each offense, and the circumstances of each were significantly different. In the first offense, the defendant sold a quarter ounce of crack cocaine to a confidential informant. In the second offense, he agreed to distribute heroin to an informant in exchange for cocaine. The fact that cocaine was involved in both offenses is not sufficient to make the offenses "part of a single scheme," particularly in view of the fact that they occurred over a year apart from one another.

     The court also concludes these two offenses were not "consolidated for sentencing" within the meaning of the guidelines. There is no evidence that there was an order of consolidation when the defendant was sentenced on these offenses. As the parties point out, where there is no formal order of consolidation, a defendant must show a factual nexus between the prior offenses to demonstrate that they are "related." *United States v. Alberty*, 40 F.3d 1132 (10th Cir. 1994). The fact that a district court

handled two convictions on the same day for the convenience of the court and the defendant, and then issued concurrent sentences for those offenses, does not per se establish a factual nexus between the offenses or establish that they were "consolidated for sentencing." This is especially true when the two charges retained separate docket numbers." *Alberty*, 40 F.3d at 1134-35. The record shows that the defendant pled guilty to both offenses at the same time, and that he received a 3-year sentence on each case to run concurrently with each other. But the sentences were for two unrelated drug transactions which took place over a year apart. The two cases retained separate docket numbers throughout the proceedings. Under the circumstances, the court concludes that the offenses in paragraphs 57 and 58 constitute two separate prior offenses. Accordingly, the court finds that the Presentence Report properly concluded the defendant is a career offender under the guidelines.

   3. *Defendant's Objection No. 3* -- Defendant's third argument is that a basis for downward departure exists because his criminal history category under the guidelines (VI) significantly over-represents the seriousness of his actual criminal history or the likelihood that he will commit future crimes. Defendant argues that most of his convictions occurred prior to 1995, when he was very young, and that his current conviction was in part the result of his inability to financially support himself due to his gunshot wounds.

   The court cannot find that a Criminal History Category of VI "substantially over-represents the seriousness of the defendant's criminal history or the likelihood that he will commit other crimes." The defendant has two prior felony convictions for drug offenses, as well as a third drug offense for possession with intent to sell cocaine base (noted in paragraph 59 of the Report), which was apparently reduced to a misdemeanor under California law after he served his sentence. He has several lesser prior convictions, including taking a vehicle without the owner's consent and driving without a valid license. He has a prior

4

conviction for carrying a concealed weapon and use of a silencer. He committed the instant offense while still on probation. Taking into account all of the circumstances, the court concludes that a Category VI accurately reflects the defendant's criminal history and the likelihood he will commit other crimes. Moreover, after considering the factors set forth in 18 U.S.C. § 3553(a), including the advisory sentencing guidelines, the court concludes that a sentence at the low end of the advisory guideline range is appropriate and reasonable in this case. Accordingly, defendant's objection is denied.

*Conclusion*.

Defendant's objections to the Presentence Report are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this  29th  Day of November, 2005, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge