## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,     )
        )
      Respondent/Plaintiff,   )
        )
        )
v.        )     Case No. 05-10091-01-WEB
        )        06-1352-WEB
        )
NOBLE T. BUCHANNON,     )
        )
      Petitioner/Defendant.   )
_____)

### MEMORANDUM AND ORDER

NOW before the Court is the motion of the petitioner Noble T. Buchannon pursuant to 28 U.S.C. § 2255. The court has reviewed the briefs and the file. Because these materials conclusively show the defendant is not entitled to relief, the Court finds that no hearing on the matter is required.

*I. Background*

On May 19, 2005, an Indictment was filed charging the defendant with five drug and firearm offenses. (Doc. 1). The defendant entered into a Plea Agreement with the United States Attorney's Office. (Doc. 27). On August 29, 2005, the defendant entered a guilty plea to Count 1, 21 U.S.C. § 841(a) and (b)(1)(B), Possession with the Intent to Distribute 500 grams or more of cocaine. The defendant was sentenced on November 29, 2005. Prior to sentencing, the defendant's attorney filed three objections to the presentence investigation. At the time of sentencing, the Court addressed the objections. The Court also issued a Memorandum and Order

1

addressing the objections.  (Doc. 32).  The defendant was ordered to the custody of the Bureau of

Prisons for 188 months.  The Defendant did not file a direct appeal.  The defendant filed this

motion on November 28, 2006.  The Government filed a Response to defendant's Motion on

January 22, 2007.

II.  *Defendant's 2255 Motion*

The defendant alleges his trial counsel was ineffective when he failed to object to the

invalid California convictions that were used to enhance him as a career criminal.  (Doc. 35,

p.4). The defendant requests an evidentiary hearing.  The defendant did not provide any legal

argument or written argument to support his claim.  The defendant differentiates his appeal from

the objections made at the time of sentencing by arguing his attorney was ineffective because he

did not raise the issue of the validity of the convictions.  (Doc. 35, p. 4).

III.  *Discussion*

The defendant entered into an agreement with the Government.  (Doc. 27).  As part of the

agreement, the defendant waived his right to appeal or his right to collateral attack.  The

applicable language contained within the Plea Agreement is on page 5:

> 12.  <u>Waiver of Appeal and Collateral Attack</u>.  Defendant knowingly and
> voluntarily waives any right to appeal or collaterally attack any matter in
> connection with his prosecution, conviction and sentence.  The defendant
> is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the
> conviction and sentence imposed.  By entering into this agreement, the
> defendant knowingly waives any right to appeal a sentence imposed which is
> within the guideline range determined appropriate by the court.  The
> defendant also waives any right to challenge a sentence or otherwise attempt to modify
> or change his sentence or manner in which it was determined in any collateral
> attack, including, but not limited to, a motion brought under Title 28, U.S.C.
> § 2255 [except as limited by *United States v. Cockerham,* 237 F.3d 1179, 1187
> (10 Cir. 2001)] and a motion brought under Title 18, U.S.C. 3582 (c)(2).  In
> other words, the defendant waives the right to appeal the sentence imposed in
> this case except to the extent, if any, the court departs upwards from the

2

applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a). (Doc. 27, p. 5).

A waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made.  *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).  The right to bring a collateral attack under § 2255 is a statutory right and is waivable unless it falls within the exceptions.  *Id* at 1182.  The Tenth Circuit has created a 3-prong standard to resolve appeals brought by defendants who have waived their appellant rights in the plea agreement.  The Court must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights, and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein."  *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

a. Scope

The Court will construe appeal waivers and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights.  *Hahn* at 1325, quoting *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003).  Petitioner's plea agreement specifically includes a statement waiving the right to attack the sentence through collateral review on § 2255 motion except to the extent that the Court departs upwards from the applicable sentencing guideline range determined by the Court.  (Doc. 27, p. 5).

The defendant plead guilty to 21 U.S.C. § 841(b)(1)(B).  The statute mandates a sentence of not less than five years and not more than 40 years in custody. Pursuant to the Sentencing

Guidelines the defendant had an offense level of 31 and a criminal history category of VI, the guideline range for imprisonment from 188 months to 235 months, or 15 years eight months to 19 years seven months.  (Doc. 32).  The defendant received a sentence of 188 months, which was below the statutory maximum, and the minimum sentence pursuant to the Sentencing Guidelines. The Court did not depart upwards from the applicable sentencing range.

b.  Knowing and Voluntariness of Petitioner's Waiver

The defendant must waive his plea knowingly and voluntarily for the waiver to be accepted.  The language of the plea agreement must state the defendant entered the agreement knowingly and voluntarily. *Hahn* at 1325, citing *United States v. Elliott*, 264 F.3d 1171, 1174 (10th Cir. 2001).  The Court must conduct an adequate Rule 11 plea colloquy.  The petitioner bears the burden to show he did not knowingly and voluntarily enter into the plea agreement. *Hahn* at 1329; *United States v. Edgar,* 348 F.3d 867, 872-73 (10th Cir. 2003).

The defendant does not argue that his plea was not knowing and voluntary.  However, for the record, the petitioner appeared before the Court on August 28, 2005 and changed his plea to guilty.  The Court conducted a Rule 11 colloquy in which the defendant stated on the record his decision to change his plea.  The petitioner also signed the Plea Agreement on the same date. The plea agreement stated, "The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily."  (Doc. 27, p. 7).  A defendant's statements at a plea hearing "should be regarded as conclusive as to the truth and accuracy in the absence of a believable, valid reason justifying a departure from the apparent truth" of those statements.  *United States v. Estrada*, 849 F.2d 1304, 1306 (10th Cir. 1988), citing *Hedman v. United States,* 527 F.2d 20, 22 (10th Cir. 1975).  The plea

4

was knowing and voluntary.

c.  Miscarriage of Justice

Enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of four situations.  Appellate waivers are subject to certain exceptions; (1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful.  *Hahn,* 359 F.3d at 1327.  To satisfy the fourth factor, the error must seriously affect the fairness, integrity or public reputation of judicial proceedings.  Id.

The Court did not rely on an impermissible factor at the time of sentencing.  The defendant does not allege ineffective assistance of counsel in connection with the negotiation of the waiver.  The issue raised by the defendant pertains to sentencing, not the validity of the waiver.  According to Cockerham, "[d]efendant's § 2255 ineffective assistance claim regarding sentencing for his drug convictions does not relate to the validity of the plea or the waiver," and the Court held that "he has waived the right to bring that challenge so long as he knowingly and voluntarily entered the plea and made the waiver."  *United States v. Cockerham*, 237 F.3d 1179, 1188 (10th Cir. 2001).  The sentence was within the statutory maximum, as well as within the advisory sentencing guidelines.  The waiver and the sentence do not seriously affect the fairness, integrity, or public reputation of judicial proceedings.  See *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770 (1993); *Elliott*, 264 F.3d at 1173.  The enforcement of the appellate waiver does not result in a miscarriage of justice.

*IV.  Conclusion*

5

The appeal falls within the scope of the waiver, the defendant entered into the plea agreement knowingly and voluntarily, and the enforcement of the waiver does not result in a miscarriage of justice. The defendant has not show ineffective assistance of counsel in connection to the validity of the plea or the negotiation of the waiver, and the waiver is enforceable.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the defendant's motion for relief under the provision of 28 U.S.C. § 2255 (Doc. 35) be DENIED, and

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 be DENIED.

IT IS SO ORDERED this 4th day of June 2007, at Wichita Kansas.


 s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge